Hassan Al BADWAN, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–72500.

United States Court of Appeals, Ninth Circuit.

Submitted March 31, 2004.*

Decided April 20, 2004.

Marc J. Wigul, Esq., Korenberg, Abramowitz and Feldun, a Law Corporation, Sherman Oaks, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, CAC–District Counsel, Esq., Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, Richard M. Evans, Esq., David Dauenheimer, Washington, DC, for Respondent.

Before: D.W. NELSON, FERNANDEZ, and KLEINFELD, Circuit Judges.

MEMORANDUM **

Hassan Al Badwan, a native and citizen of Syria, petitions for review of the Board of Immigration Appeals' denial of his application for asylum and withholding of removal. We deny his petition.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The BIA's determination that an alien is not eligible for asylum must be upheld if " 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.' " *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 815, 117 L.Ed.2d 38 (1992) (citation omitted). "It can be reversed only if the evidence presented ... was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *Id.* When an alien seeks to overturn the BIA's adverse determination, "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Id.* at 483–84, 112 S.Ct. at 817; *see also Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995). Credibility determinations are judged by the same basic standard. *See Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir. 2002); *Cordon–Garcia v. INS,* 204 F.3d 985, 990 (9th Cir.2000); *de Leon–Barrios v. INS,* 116 F.3d 391, 393 (9th Cir.1997). In that area, however, we have added that the determination " 'must be supported by a specific, cogent reason.' " *de Leon–Barrios,* 116 F.3d at 393 (citation omitted); *see also Gui,* 280 F.3d at 1225.

Here, Al Badwan's claims fail because the IJ's decision was the final agency determination, and the IJ found that Al Badwan was not credible. We are unable to say that the IJ's determination was not supported by substantial evidence in the record. On the contrary, the record shows that Al Badwan's testimony regarding the very core of his asylum claim (for example, the effect of alleged threats on his activities during the many years thereafter) was riddled with holes and inconsistencies.

Moreover, even the somewhat more collateral circumstances, which might not be enough in themselves to show a lack of credibility, had sufficient inconsistencies that his overall story was entirely deprived of verisimilitude. Certainly, we cannot say that "no reasonable factfinder could fail to find" him credible. *Elias–Zacarias,* 502 U.S. at 484, 112 S.Ct. at 817. Thus, we must uphold the determination to deny Al Badwan relief.[1]

Petition DENIED.[2]

---

1. Al Badwan asserts that the streamlining regulation violates his due process rights. *See* 8 C.F.R. § 1003.1(a)(7) (formerly 8 C.F.R. § 3.1(a)(7)). We have already rejected that contention. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849–52 (9th Cir.2003).

2. Because Al Badwan did not meet the eligibility requirements for asylum, he was not entitled to withholding of removal either. *See Ghaly,* 58 F.3d at 1429.